STATE ex rel. WILLIAM G. WHITE v. EDWARD G. KRAHMER.[1]

July 13, 1906.

Nos. 14,831—(179).

Appeal by relator from an order of the district court for Ramsey county, Kelly, J., vacating a judgment previously entered in the proceedings and permitting Margaret L. Berryhill to appear and answer. Affirmed.

*William G. White,* pro se.

*Harry Weiss* and *Charles J. Berryhill,* for respondent Margaret L. Berryhill.

PER CURIAM.

In proceedings by relator to compel a county auditor to issue a certificate of redemption from tax deeds to land, a third person, the owner of the tax deeds, appeared on the return day at a special term of the district court, and desired leave to file an answer. The court having denied the auditor's motion to quash, orally indicated that he would sign an order permitting that third person to answer within five days. Counsel for the relator not understanding that the order was to require its service on the third person, presented on the afternoon of the return day a formal order without that requirement. This the court signed. The court intended, as clearly appears from its minutes duly certified here, that the third party should have five days' time from the time of service of that order within which to answer. No answer having been served or filed by the third party within the time specified in the order, the court at a subsequent hearing, granted the application of the relator for a writ of mandamus, required its service upon the auditor and the third person. Upon a subsequent order to show cause, the same judge who had signed the formal order without notice of motion or verified petition or statement by or on behalf of the third person, directed relator to show cause why its former orders should not be set aside. After hearing the parties, the court directed that its previous orders be vacated and set aside.

[1] Reported in 108 N. W. 1119.

The matter thus presented is purely one of practice. The attention of the trial court having been directed to the fact that the order which he signed did not coincide with the order he intended, vacated that order and a subsequent order based upon it. The practice which he pursued was within his own powers, and shows no abuse of discretion. Misunderstandings, in absolute good faith, of informal proceedings at special term, such as this record shows, readily and frequently occur. The trial court of its own motion may, and should, correct any consequent errors. Counsel for the relator was given by the trial court an opportunity to be heard before the court reached its conclusion as to the proper method of correcting the mistake. This record does not present for our determination the question whether the third person had such an interest in the proceedings as justified the rulings of the district court, because, as the relator insists, the record conclusively shows that the right of redemption from the tax deeds has not expired. That is not the question upon which the trial court passed. It was to enable such third person to appear in the mandamus proceeding, offer proof and be heard in support of what right she had that the trial court permitted her to answer. It would be entirely improper for us to express any opinion whatever whether the tax deeds were redeemable or not until their owner has had the opportunity to be heard in a trial court and until an appeal has been taken from that court.

Objection is also made that the order appealed from is much too broad and sweeping in its terms and operated in legal effect to dismiss the entire proceedings and left the relator remediless. That construction of the order is not proper. It would seem that all that the trial court has done is to restore the case to the position in which it was before the error arose. The relator still has free access to the courts; he has encountered a check but not a final bar in his pursuit of the remedy to which he is entitled upon his proof.

Order affirmed.